UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JASON W. PARTIKA,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | Case No. C09-403-RSM-BAT<br><br>**REPORT AND<br>RECOMMENDATION** |

Plaintiff Jason W. Partika seeks judicial review of the denial of his application for disability insurance benefits and supplemental security income by the Commissioner of the Social Security Administration, after a hearing before an administrative law judge ("ALJ"). Dkt. 3.

Partika raises the following issues: (1) whether the ALJ erred in finding plaintiff could perform medium work, (2) whether the ALJ properly evaluated the opinions of Dr. Sandvik and Dr. Postovoit, (3) whether substantial evidence supports the ALJ's determination of the mental demands of plaintiff's past relevant work, and (4) whether substantial evidence supports the ALJ's evaluation of plaintiff's findings regarding anxiety and depression. Dkt. 12 at 1.

For the reasons set forth below, the Court recommends the Commissioner's decision be **REVERSED and REMANDED** for further proceedings.

# I. FACTUAL AND PROCEDURAL HISTORY

Partika is currently 32 years old, has an 11th grade education and past work experience in 11 different jobs including busser/bus person and automobile detailer. Tr. 29-30, 102. In January 2005, he applied for disability insurance benefits and supplemental security income alleging disability as of January 20, 2002. Tr. 96, 541. His application was denied initially and on reconsideration. Tr. 79-80, 83, 537. After a hearing conducted on January 14, 2008, the ALJ issued a decision finding plaintiff not disabled. Tr. 18-30.

The ALJ applied the five-step sequential evaluation process for determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Partika had not engaged in substantial gainful activity since his alleged onset date of January 20, 2002. Tr. 20.

At step two, the ALJ found Partika had the following severe impairments: depressive disorder, anxiety disorder, hepatitis C, status post-interferon treatment, and substance abuse disorder – heroin (in partial remission and on methadone treatment). Tr. 20.

At step three, the ALJ found Partika did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 22.

Before proceeding to step four, the ALJ found that through the date last insured, Partika had the residual functional capacity to perform medium work. Tr. 23. Specifically, the ALJ stated:

> [He] is able to lift no more than 50 pounds at a time, with frequent lifting or carrying of objects weighing up to 25 pounds; to sit for six hours in an 8-hour work day; and to stand and/or walk for 6 hours in an 8-hour workday, with no limitation on pushing or pulling the above amounts. The claimant can reason and

> understand directions for simple, but not complex or detailed, tasks. He is capable of only limited social interaction.

*Id.*

At step four, the ALJ found Partika could perform his past work as an automobile detailer and as a busser/bus person. Tr. 29-30. Accordingly, the ALJ found that Partika had not been under a disability, as defined in the Social Security Act, at any time from his alleged onset date through the date of the ALJ's decision. *Id*. at 30.

The Appeals Council denied review of that decision, making it the Commissioner's final decision under 42 U.S.C. § 405(g). Tr. 5. Partika now seeks judicial review of the ALJ's decision.

## II. STANDARD OF REVIEW

This Court may set aside the Commissioner's denial of disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). The ALJ must determine credibility, and must resolve conflicts and ambiguities in the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## III. DISCUSSION

Partika argues the ALJ erred in finding he has the residual functional capacity (RFC) to perform his past relevant work as a busser/bus person and automobile detailer. Partika contends the ALJ did not properly assess his exertional limitations and the effects of his psychological limitations on his RFC. Partika further argues the ALJ erred in failing to consider the functional

REPORT AND RECOMMENDATION – 3

demands of his past employment as a busser/bus person and automobile detailer either as peculiar to his job or as ordinarily required throughout the national economy.

Partika's arguments revolve around step four of the sequential evaluation process. Step four consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). *See also* SSR 82-62. First, the ALJ must evaluate claimant's RFC. *Id*. Second, the ALJ must determine the physical and mental demands of claimant's past relevant work. *Id*. Third, the ALJ must evaluate whether claimant has the capacity to perform the job as described in phase two, despite the limitations recognized in phase one. *Id*.

In the present case, the ALJ determined Partika has the RFC to perform medium work[1] and the capacity to perform his past relevant work as a busser/bus person or automobile detailer. Tr. 30. This determination was based on the ALJ's finding that Partika "is able to lift no more than 50 pounds at a time, with frequent lifting or carrying of objects weighing up to 25 pounds." Tr. 23. Partika contends this finding is not supported by substantial evidence "because the ALJ erroneously evaluated examining Agency physician Dr. Burdick's March 2005 opinions." Dkt. 12 at 5. The ALJ relying on Dr. Robert Burdick's opinions to find Partika had the physical capacity to perform medium work stated:

> I base my assessment of the claimant's physical functioning largely on the consultative examination with Dr. Burdick, who found after a thorough examination that the claimant was able to lift 50 pounds occasionally and 10-20 frequently.

TR. 27.

Dr. Burdick's opinion, however, plainly does not support a finding that Partika has the exertional capacity to perform medium work; rather Dr. Burdick opined Partika could frequently

---

[1] The physical exertion requirement for medium work involve lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. *See* 20 C.F.R. § 404.1567(c).

REPORT AND RECOMMENDATION – 4

lift 10 to 20 pounds, not the 25 pounds required to perform medium work.  As Dr. Burdick's opinion is not contradicted by another physician, the ALJ may reject it only for "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).

The Commissioner contends there are two reasons the Court should uphold the ALJ's finding that Partika can perform medium work.  First the Commissioner contends Partika's statements that he was thinking of painting cars, did some auto detailing on his own and his brother's car, and played poker undermines Doctor Burdick's opinion on physical limitations and is a proper basis for the ALJ to consider in determining what weight to give to a doctor's opinion. Dkt. 14 at 6.  However, these statements shed no light on whether Partika can frequently lift 10 to 20 pounds as Dr. Burdick found or 25 pounds as required for medium work.

Second, the Commissioner contends although the ALJ's finding differs from Dr. Burdick's opinion, the ALJ's conclusion that plaintiff meets the exertional requirements to perform medium work is a reasonable interpretation of the medical evidence as a whole. *Id.*  The medical evidence does not support this.  The ALJ, citing to exhibits 11F/3-5, stated "the assessment [that Partika can perform medium work] is consistent with the medical record as a whole." *Id.*  But these records, which discussed Partika's medical problems with hepatitis, liver disease, fatigue, depression, and lack of energy, did not discuss whether Partika has the capacity to frequently lift 25 pounds as required for a finding of medium work.

In short, neither Partika's statements nor the medical records cited by the ALJ provide clear and convincing reasons to reject or discount Dr. Burdick's opinion that Partika can lift only 10 to 20 pounds frequently.  Accordingly, the ALJ erred in finding that Partika has the physical capacity to lift 25 pounds frequently and to perform medium work requiring that exertional

REPORT AND RECOMMENDATION – 5

strength.

The ALJ also found Partika has the residual functional capacity "to perform the social demands of his past relevant work as an automobile detailer or as a busser/bus person." Tr. 30. In making this finding, the ALJ relied primarily on the opinions of Dr. David Sandvik, M.D., a psychiatrist who examined Partika in April 2005 and February 2008. Tr. 244, 495. Partika argues the ALJ erred by failing to acknowledge Dr. Sandvik's opinion that plaintiff (1) had a "moderate" limitation of his ability to respond appropriately in usual work situations and to changes in the a routine work setting, (2) had "little stress tolerance" and would need a "fairly low stress" job such as working by himself, and (3) had specific moderate limitations to interact with the public, co-workers and supervisors. Dkt. 12 at 9. Partika further argues the ALJ did not give "legally sufficient reasons for rejecting Dr. Sandvik's opinions." *Id.*

An ALJ need not discuss all evidence presented; rather, the ALJ need only explain why significant probative evidence has been rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Here, the ALJ stated "I base my assessment of the claimant's mental health functioning largely on the finding made on consultative examination with Dr. Sandvik." Tr. 27. In both examinations, Dr. Sandvick found that plaintiff's formal mental status testing was "grossly normal," and that plaintiff had normal intelligence regarding his reasoning capacity, ability to understand, and memory. Tr. 247-48, 495-96. The ALJ stated that Dr. Sandvick "found difficulties in the claimant's social interaction and had difficulty managing stress." Tr. 28. The ALJ also noted that Dr. Burdick had commented that Partika had a "history of becoming angry when having to communicate with fellow workpeople." *Id.* Finally, the ALJ stated "I have taken this into consideration, and as the comment is generally consistent with the medical evidence in the record, I find the claimant's social interaction should be limited as set forth

REPORT AND RECOMMENDATION – 6

above. I agree the claimant has impairments that significantly affect his ability to perform basic work." *Id.* Thus the ALJ neither failed to acknowledge nor rejected Dr. Sandvick's opinions about Partika's problems with social interaction and stress limitations as Partika contends.

Partika also contends the ALJ improperly evaluated Dr. Leslie Postovoit's opinions about Partika's mental limitations. Specifically, Partika contends the ALJ's assessment about his RFC to perform his past work is not, as the ALJ stated, "generally consistent" with Dr. Postovoit's opinions. Dkt. 12 at 12 (citing TR. 29). Dr. Postovoit, a non-examining physician, opined:

> Cl [claimant] can do detailed & complex tasks with satisfactory attention, concentration, pace, persistence, & punctuality. He can work independently. Too many coworkers too close are likely to distract him. Cl is easily irritated, and aversive with respect to others, so interaction with the public needs to be brief and without sustained consequence, supervision should be direct, but w/o harsh criticism, and work with coworkers, should be brief and largely parallel, not interactive, so that his irritability does not interfere. Grooming and hygiene are satisfactory. Cl can adjust to change, and deal with daily hazards, and travel. He may benefit from guidance toward realistic job options.

Tr. 503.

In view of Dr. Burdick's, Dr. Sandvick's and Dr. Postovoit's opinions, the Court concludes the ALJ erred in finding Partika has the RFC to perform medium work and can perform his past work as an automobile detailer and busser/bus person. First, the ALJ found Partika had past relevant work in 11 different jobs but has the RFC only to perform work as a busser/bus person and automobile detailer. Tr. 29. A vocational expert testified at the January 14, 2008 hearing held in this case that automobile detailer is unskilled medium exertional work under DOT title 915.687-034, and that busser/bus person is unskilled medium exertional work under DOT title 311.687-018. Tr. 607-8. However, Dr. Burdick opined Partika has the physical capacity to frequently lift 10 to 20

REPORT AND RECOMMENDATION – 7

pounds, not the 25 pounds required for a finding of medium exertional work.

Second, the ALJ did not carry out her own evaluation of the functional demands and job duties of the Partika's past relevant work. The ALJ did not ask Partika or the vocational expert about the functional demands of Partika's jobs as a busser/bus person and automobile detailer at the hearing as he performed them. Tr. 571-608. The ALJ simply took testimony from a vocational expert about the DOT classifications for busser/bus person and automobile detailer. "When an ALJ makes findings about the claimant's limitations and the remainder of the step four assessment takes place in the [vocational expert's] head, we are left with nothing to review." *Pinto v. Massarani*, 249 F.3d 840, 847 (9th Cir. 2001). On this record, the Court cannot review or determine whether there are busser/bus person and automobile detailer jobs that require only 10 to 20 pounds of frequent lifting as opposed to the 25 pounds required under the DOT.

Further it is undisputed that Partika has difficulties with social interaction and managing stress, would be distracted by too many co-worker working nearby, is easily irritated and has a history of becoming angry when having to communicate with co-workers, and should have only brief contact with the public and co-workers. Again, the Court cannot determine whether there are busser/bus person and automobile detailer jobs Partika can perform in light of his psychological limitations.

The Court therefore recommends the case be remanded with direction that the ALJ make specific findings regarding the functional demands of the Partika's past relevant work either as actually performed by him or as generally performed in the economy. Furthermore, the ALJ should explain how Partika's determined RFC would allow him to perform his past relevant work. On remand, if appropriate, the ALJ should carefully consider whether Partika's non-exertional limitations are significant and severe enough to require expert vocational assessment.

REPORT AND RECOMMENDATION – 8

If the ALJ concludes Partika is unable to perform any past relevant work, the ALJ should proceed to the fifth and final step of the sequential evaluation process.

## V. CONCLUSION

For the foregoing reasons, the Court recommends that this case be **REVERSED** and **REMANDED** for further proceedings consistent with this Report and Recommendation. A proposed order accompanies this Report and Recommendation.

DATED this 22nd day of September, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION – 9